**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| **REED'S METALS, LLC d/b/a** | ) | |
| **REED'S METALS, INC.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **VS.** | ) | **Case No.**  3:21-cv-579-CWR-LGI |
| | ) | |
| **STEEL OUTDOORS, INC.; CARLOS** | ) | |
| **S. GARCIA, and JOSEPH LEA,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendants** | ) | |

## COMPLAINT

Plaintiff Reed's Metals, LLC d/b/a Reed's Metals, Inc. ("Reed's Metals") alleges the

following as its Complaint against Defendants Steel Outdoors, Inc., Carlos S. Garcia, and Joseph

Lea.

## PRELIMINARY STATEMENT

1.      This action arises from an unlawful conspiracy through which Defendants have

unfairly competed against Reed's Metals in violation of Carlos S. Garcia's and Joseph Lea's

duty of loyalty to Reed's Metals, tortiously interfered with Reed's Metals' business relationships,

and misappropriated Reed's Metals' trade secrets in violation of the Mississippi Uniform Trade

Secrets Act, Miss. Code Ann. § 75-26-1 *et seq*.

2.      Defendants' wrongful conduct began while Carlos S. Garcia and Joseph Lea were

employed by Reed's Metals and continued after they left the company to work for its direct

competitor, Steel Outdoors, Inc.

3.      Defendants' unlawful conduct has caused and will continue to cause significant,

irreparable damage to Reed's Metals if not enjoined.  Reed's Metals is therefore entitled to

injunctive relief in addition to money damages.

03958660

4.    Defendants' wrongful acts were intentional and malicious.  Reed's Metals is therefore entitled to an award of punitive damages and recovery of its reasonable attorneys' fees.

## THE PARTIES

5.    Plaintiff Reed's Metals, LLC d/b/a Reed's Metals, Inc. ("Reed's Metals") is a Delaware limited liability company with its principal place of business in Fayetteville, North Carolina.

6.    Defendant Steel Outdoors, Inc. ("Steel Outdoors") is a Mississippi corporation with its principal place of business in Wesson, Mississippi.

7.    Defendant Carlos S. Garcia ("Garcia") is a resident of Wesson, Mississippi.

8.    Defendant Joseph Lea ("Lea") is a resident of Monticello, Mississippi.

## JURISDICTION AND VENUE

9.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists and the matter in controversy exceeds $75,000 exclusive of interest and costs.

10.    This Court has personal jurisdiction over Defendants because they are residents of Mississippi and this action arises from their wrongful acts committed in Mississippi.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendants are residents of this judicial district and a substantial part of the events giving rise to this action occurred in this judicial district.

## FACTS

12.    Reed's Metals manufactures and sells metal roofing materials, pole barn kits, and pre-engineered steel buildings.  Reed's Metals has nine retail stores, which are located in Florence, Alabama; Benton, Arkansas; Horseshoe Beach, Florida; Sulphur, Louisiana;

Brookhaven, Mississippi; Tupelo, Mississippi; Scott City, Missouri; Jackson, Tennessee; and Jasper, Texas.

13.    Reed's Metals has developed through its own effort and expense proprietary and commercially sensitive information ("trade secret materials") that gives it a competitive advantage, including but not limited to strategic business plans, customer lists and contracts, supplier lists and contracts, employee lists and payroll information, inventory lists and prices, shipping strategies and contracts, expense analyses, pricing and billing information, equipment pricing and specifications, product designs and prices, project drawings and specifications, production tactics and strategies, sales tactics and strategies, form templates, and other proprietary procedures and processes.

14.    Reed's Metals' trade secret materials derive independent value from not being generally known or ascertainable by proper means.  Competitors of Reed's Metals would obtain economic value from the disclosure and use of these trade secret materials and Reed's Metals has undertaken reasonable efforts to maintain the secrecy of its trade secret materials by reasonably restricting their access to authorized employees.

15.    By virtue of their employment by Reed's Metals, Defendants Garcia and Lea were granted access to Reed's Metals' trade secret materials.

16.    Like Reed's Metals, Defendant Steel Outdoors manufactures and sells metal roofing materials, pole barn kits, and pre-engineered steel buildings.  Steel Outdoors is thus a direct competitor of Reed's Metals in Mississippi and elsewhere.

17.    Defendant Garcia was employed by Reed's Metals from April 20, 2015 through March 5, 2021.

18.     Defendant Lea was employed by Reed's Metals from November 3, 2014 through August 24, 2021.

19.     While they were still employed by Reed's Metals, Defendants Garcia and Lea used their positions at Reed's Metals to misappropriate Reed's Metals' trade secrets for Defendant Steel Outdoors' benefit and to Reed's Metals' detriment.

20.     Defendant Steel Outdoors induced Defendants Garcia and Lea to misappropriate Reed's Metals' trade secrets for Steel Outdoors' benefit and to Reed's Metals' detriment while Garcia and Lea were still employed by Reed's Metals.

21.     Defendants have used and, absent injunctive relief, will continue to use Reed's Metals' trade secrets to Defendant Steel Outdoors' benefit and to Reed's Metals' detriment.

**COUNT I:  <u>MISAPPROPRIATION OF TRADE SECRETS</u>**

22.     The proprietary and commercially sensitive information that Defendants misappropriated from Reed's Metals to benefit Defendant Steel Outdoors constitutes trade secrets protected by the Mississippi Uniform Trade Secrets Act, Miss. Code Ann. § 75-26-1*et seq*.

23.     Defendants violated the Mississippi Uniform Trade Secrets Act by misappropriating Reed's Metals' trade secrets for Defendant Steel Outdoors' benefit and to Reed's Metals' detriment.

24.     Reed's Metals has suffered and will continue to suffer damages and irreparable harm as a direct and proximate result of Defendants' misappropriation of Reed's Metals' trade secrets.  Reed's Metals is therefore entitled to injunctive relief under Miss. Code Ann. § 75-26-5 and monetary damages under Section 75-26-7.  Because Defendants' misappropriation was willful and malicious, Reed's Metals is entitled to exemplary damages under Section 75-26-7 and reasonable attorneys' fees under Section 75-26-9.

**COUNT II:  BREACH OF FIDUCIARY DUTY OF LOYALTY**

25.     While they were still employed by Reed's Metals, Defendants Garcia and Lea recruited Reed's Metals employees to quit Reed's Metals and work instead for Defendant Steel Outdoors.

26.     While they were still employed by Reed's Metals, Defendants Garcia and Lea solicited Reed's Metals' existing and prospective customers to do business instead with Defendant Steel Outdoors.

27.     Defendants Garcia and Lea breached their fiduciary duty of loyalty to Reed's Metals by committing these and other acts for Defendant Steel Outdoors' benefit and to Reed's Metals' detriment while they were still employed by Reed's Metals.

28.     Reed's Metals has suffered and will continue to suffer damages and irreparable harm as a direct and proximate result of Defendants Garcia's and Lea's breach of their fiduciary duty of loyalty.  Reed's Metals is therefore entitled to damages, disgorgement of Defendants' profits, and injunctive relief.  Because Defendants Garcia's and Lea's acts were intentional and malicious, Reed's Metals is entitled to recover punitive damages.

**COUNT III:  TORTIOUS INTERFERENCE**

29.     Beginning while Defendants Garcia and Lea were still employed by Reed's Metals and continuing after they left Reed's Metals to work for Defendant Steel Outdoors, Defendants have wrongfully solicited, and continue to wrongfully solicit, Reed's Metals' existing and prospective customers to do business with Steel Outdoors instead of Reed's Metals.

30.     Beginning while Defendants Garcia and Lea were still employed by Reed's Metals and continuing after they left Reed's Metals to work for Defendant Steel Outdoors, Defendants have wrongfully solicited, and continue to wrongfully solicit, Reed's Metals' employees to leave Reed's Metals and work instead for Steel Outdoors.

31.     Reed's Metals has suffered and continues to suffer damages and irreparable harm as a direct and proximate result of Defendants' tortious interference with its business relationships.  Reed's Metals is therefore entitled to damages, disgorgement of Defendants' profits, and injunctive relief.  Because Defendants' acts were intentional and malicious, Reed's Metals is entitled to recover punitive damages.

### COUNT IV:  UNFAIR COMPETITION

32.     Defendants have unfairly competed against Reed's Metals through wrongful acts including but not limited to recruiting Reed's Metals employees to work for Defendant Steel Outdoors beginning when Defendants Garcia and Lea were still employed by Reed's Metals and soliciting Reed's Metals' existing and prospective customers beginning when Garcia and Lea were still employed by Reed's Metals.

33.     Reed's Metals has suffered and continues to suffer damages and irreparable harm as a direct and proximate result of Defendants' unfair competition.  Reed's Metals is therefore entitled to damages, disgorgement of Defendants' profits, and injunctive relief.  Because Defendants' acts were intentional and malicious, Reed's Metals is entitled to recover punitive damages.

### COUNT V:  CIVIL CONSPIRACY

34.     Defendants unlawfully conspired to compete unfairly against Reed's Metals by wrongful acts including but not limited to recruiting Reed's Metals employees to work for Defendant Steel Outdoors beginning when Defendants Garcia and Lea were still employed by Reed's Metals and soliciting Reed's Metals' existing and prospective customers beginning when Garcia and Lea were still employed by Reed's Metals.

35.     Reed's Metals has suffered and continues to suffer damages and irreparable harm as a direct and proximate result of Defendants' unlawful conspiracy.  Reed's Metals is therefore

entitled to damages, disgorgement of Defendants' profits, and injunctive relief. Because Defendants' acts were intentional and malicious, Reed's Metals is entitled to recover punitive damages.

### **PRAYER FOR RELIEF**

**ACCORDINGLY,** Reed's Metals requests that it be awarded the following relief:

A.      A preliminary injunction and permanent injunction (1) requiring Defendants to return Reed's Metals' trade secrets to Reed's Metals; (2) enjoining Defendants from using, accessing, disclosing, or retaining Reed's Metals' trade secrets; (3) enjoining Defendants from soliciting, recruiting, or hiring any current Reed's Metals employee for a reasonable period of time; and (4) enjoining Defendants from knowingly soliciting any current customer of Reed's Metals for a reasonable period of time;

B.      An award of money damages in an amount to be proven at trial;

C.      Disgorgement of Defendants' profits;

D.      An award of punitive damages;

E.      An award of reasonable costs, expenses, and attorneys' fees;

F.      Such other relief that the Court deems appropriate.

**REED'S METALS DEMANDS A TRIAL BY JURY ON ALL COUNTS.**

Dated:  September 9, 2021.

Respectfully submitted,

REED'S METALS, LLC
d/b/a REED'S METALS, INC.

By:      *s/ M. Patrick McDowell*
             M. Patrick McDowell,
             One of Its Attorneys

03958660                                        7

OF COUNSEL:

M. Patrick McDowell, MSB # 9746
BRUNINI, GRANTHAM, GROWER & HEWES, PLLC
P.O. Drawer 119
Jackson, MS 39205
Telephone:  (601) 948-3101
Facsimile:  (601) 960-6902
pmcdowell@brunini.com